# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SUTTON, </br> Plaintiff </br> v. </br> DOUGLAS W. FERGUSON, et al., </br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | C.A. No. 17-118 Erie </br> </br> District Judge Rothstein </br> Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

### II.  REPORT

On May 8, 2017, the Clerk of Courts received a *pro se* civil rights complaint from Plaintiff; however, the Complaint was not accompanied by either the required filing fee or a motion to proceed *in forma pauperis*, nor were service instructions provided. As a result, this Court issued a Show Cause Order, dated May 10, 2017, directing Plaintiff to pay the filing fee of $400.00 to the Clerk of Courts or file a motion to proceed *in forma pauperis,* and to file a USM-285 "Process and Return" form for each Defendant, on or before May 30, 2017, or suffer dismissal of this case for failure to prosecute. [ECF No. 2]. To date, Plaintiff has failed to comply with this Court's Order.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the

failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends that this case be dismissed. Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case. Further, Plaintiff has failed to comply with an order of this Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although Plaintiff's allegations may state a claim upon which relief could be ultimately be granted, the merits of the claims are impossible to determine at this early stage of the proceedings.

### III     CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed for Plaintiff's failure to prosecute.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated:  June 15, 2017

cc:       The Honorable Barbara Rothstein
          United States District Judge